United States District Court
Southern District of Texas
**ENTERED**
August 12, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JAMES W.,[1] *Plaintiff,* | § § § | |
| V. | § § | Case No. 4:26-cv-3898 |
| FRANK BISIGNANO, Commissioner of Social Security, *Defendant*. | § § § | |

**MEMORANDUM AND ORDER**

Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.' s Mot., ECF No. 17. Because the Court granted Defendant's motion to reverse and remand, reversed the Commissioner's decision to deny benefits, and remanded this case to the Commissioner for reconsideration, Plaintiff is the prevailing party. ECF Nos. 15, 16. The Court finds that Plaintiff's counsel's request for fees is reasonable, and Defendant does not oppose the motion. ECF No. 17. Therefore, Plaintiff's motion should be granted.[2]

## I. LEGAL STANDARD FOR THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] Based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order, ECF No. 8.

representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The Court granted Defendant's request to reverse the Commissioner's decision denying benefits and remand this matter back to the Commissioner "to conduct further administrative proceedings." ECF No. 15. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[3] *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, he timely[4] filed his motion for attorney's fees, and the government's position was

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

[4] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the

not substantially justified. No special circumstances make the award of fees unjust.

## II. ANALYSIS

Plaintiff's counsel seeks a fee award of $8,251.80. Counsel submitted evidence supporting an hourly rate of $247.06 for 33.4 attorney hours worked in 2026. ECF No. 17. Defendant does not object to the hours expended or the rate requested. ECF No. 17.

Nonetheless, the Court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id*.[5] Plaintiff's counsel claims 33.4 hours, which is within the typical range of hours for this type of case.

Counsel's hourly rate is higher than the statutory rate of $125,[6] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2.

---

time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees. In this case, the Court issued a final judgment on August 5, 2026, ECF No. 16, which will become final sixty days later, on October 5, 2026. Plaintiff filed his motion on August 12, 2026, and the Commissioner does not object. ECF No. 17.

[5] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

[6] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g., Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel is claiming fees for work performed in 2026. The hourly rate last changed in 1996; at that time, the CPI for Houston-The Woodlands-Sugar Land, TX and was 142.7. The Court calculates the hourly rate for 2026 as follows: [7]

- For 2026, there is no annual data available. Consequently, the Court will use the CPI for Houston-The Woodlands-Sugar Land, Texas for the first half of 2026, which is 282.048. The percentage difference between 1996 and 2026 is 197.651% (282.048/142.7). Therefore, the hourly rate for 2026 is $247.06/hour (197.651% x $125/hour).

Using these calculated hourly rates, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. In 2026, he worked 33.4 hours; and at $247.06 per

[7] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited August 12, 2026).

hour, his fee is $8,251.80, as Plaintiff requested.

The Court finds that a fee of $8,251.80 is reasonable for 33.4 hours worked. *Accord Palo R.*, 2024 WL 1181492, at *3 (approving $8,158.59 in fees for 32.05 hours in attorney time).

## III. CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 17, is **GRANTED**; and Defendant is **ORDERED** to pay $8,251.80 in fees pursuant to the Equal Access to Justice Act, with the check made payable to Plaintiff, and mailed to: Gabriel Bono, Bono Disability PLLC, 9030 Clay Hibbins Road, Keller, Texas 76248.

**SIGNED** at Houston, Texas, on August 12, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**